UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY DEQUAINE,<br><br>Plaintiff(s),<br>v.<br><br>FLUKE CORPORATION,<br><br>Defendant(s). | CASE NO. C26-1817-KKE<br><br>ORDER GRANTING UNOPPOSED MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL |

This matter is before the Court on Plaintiff Tiffany Dequaine's unopposed motion to consolidate and to appoint interim class counsel under Federal Rule of Civil Procedure 42, Local Civil Rule 42, and Federal Rule of Civil Procedure 23 in related cases: *Dequaine v. Fluke Corporation*, Case No. 2:26-cv-1817 (the "*Dequaine* Action") and *Sauerland v. Fluke Corporation*, Case No. 2:26-cv-1927 (the "*Sauerland* Action"). Dkt. No. 6. The motion is unopposed. *Id.*

The Court GRANTS the unopposed motion to consolidate. *Id.*; *see* Fed. R. Civ. P. 42(a). The *Dequaine* Action, Case No. 2:26-cv-1817 and the *Sauerland* Action, Case No. 2:26-cv-1927 are hereby consolidated under the *Dequaine* Action. The parties shall hereafter file documents only in the *Dequaine* Action, Case No. 2:26-cv-1817 and the Clerk shall administratively close the *Sauerland* Action, Case No. 2:26-cv-1927.

The Court turns to the unopposed request to appoint William B. Federman of Federman & Sherwood as interim class counsel. Dkt. No. 6. Federal Rule of Civil Procedure 23(g)(3) authorizes the designation of interim class counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." Courts consider the same factors from Rule 23(g)(1)(A) when appointing interim class counsel as when considering the appointment of post-certification counsel. *See, e.g.*, *Smith v. Kaye-Smith Enters., Inc.*, No. 3:22-cv-01499-AR, 2023 WL 11959471, at *2 (D. Or. Jan. 6, 2023). Those factors are:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B).

Here, counsel representing Dequaine in this matter has submitted evidence to show that he satisfies the four Rule 23(g)(1)(A) factors. *See* Dkt. No. 6-1. The Court has no reason to doubt counsel's assertions that he has dedicated considerable time and work to identify and investigate the claims brought here, that he has substantial experience litigating complex class actions, that he has extensive knowledge and experience litigating consumer class actions, and that he can continue to commit substantial resources to representing the class. *See id.*; *see also* Dkt. No. 6 at 6–9. These statements, which are not opposed by Defendant, lead the Court to find that appointment of William B. Federman of Federman & Sherwood as interim counsel is appropriate.

Accordingly, the Court GRANTS the unopposed motion to appoint interim counsel in this matter. Dkt. No. 17. William B. Federman of Federman & Sherwood is appointed interim counsel for the putative class.

Plaintiffs shall file their consolidated complaint no later than August 31, 2026. Defendant shall file its responsive pleading no later than September 30, 2026.

Dated this 31st day of July, 2026.

Kymberly K. Evanson
United States District Judge